1 | BONNETT, FAIRBOURN, FRIEDMAN
   |   & BALINT, P.C.
2 | ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
   | PATRICIA N. SYVERSON (203111)
3 | ERIC D. ZARD (*To be admitted Pro Hac Vice*)
   | 2325 E. Camelback Road, Ste. 300
4 | Phoenix, AZ 85016
   | eryan@bffb.com
5 | psyverson@bffb.com
   | ezard@bffb.com
6 | Telephone:   (602) 274-1100

7 | BONNETT, FAIRBOURN, FRIEDMAN
   |   & BALINT, P.C.
8 | TODD D. CARPENTER (234464)
   | 600 W. Broadway, Suite 900
9 | San Diego, California 92101
   | tcarpenter@bffb.com
10 | Telephone: (619) 756-6978

11 | NEWPORT TRIAL GROUP
   | SCOTT J. FERRELL (202091)
12 | 895 Dove Street, Suite 425
   | Newport Beach, CA 92660
13 | sferrell@trialnewport.com
   | Telephone: (949) 706-6464

14 | Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No.: CV12-07272 DSF (AGRx)

| | |
|---|---|
| GUILLERMINA CONTRERAS, On Behalf of Herself and All Others Similarly Situated, | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1.  VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; |
| v. | 2.  VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; |
| NEUTROGENA CORPORATION, a Delaware corporation, | 3.  BREACH OF EXPRESS WARRANTY; and |
| Defendant. | 4.  VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §2301 *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Guillermina Contreras brings this action on behalf of herself and all others similarly situated against Defendant Neutrogena Corporation and states:

## NATURE OF ACTION

1.     Neutrogena manufactures, markets, sells and distributes Rapid Wrinkle Repair, a line of four anti-wrinkle products all formulated with Neutrogena's patented Accelerated Retinol SA formula.[1]  Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Neutrogena promises that Rapid Wrinkle Repair is "clinically proven" to reduce the appearance of wrinkles in just one week for all consumers no matter their age, skin type or other dermatological specific factors.  On each and every Rapid Wrinkle Repair box, Neutrogena represents that the Products are "clinically proven" to, *inter alia*, "Fade the look" of stubborn deep wrinkles, including crow's feet, forehead & cheek wrinkles and "Smooth fine lines & texture" and that consumers will experience these "clinically proven" wrinkle reduction benefits on an "accelerated" and "rapid" basis "in just one week" (the "one week results" claim).   In truth, Rapid Wrinkle Repair does not reduce or eliminate wrinkles in just one week. Several well conducted scientific studies of retinol, including Tretinoin, prescription strength retinol, did not yield visible results for several weeks.  And, there are no well-designed clinical studies that support Neutrogena's one week results claim.  Neutrogena's one week results claim is false, misleading, and reasonably likely to deceive the public.

2.     Neutrogena has employed numerous methods to convey its uniform, deceptive one week results claim to consumers, including magazines, newspapers, the internet, social media websites, and, importantly, on the front of the Products' packaging and labeling where it cannot be missed by consumers.  The only reason a consumer would purchase the premium-priced Rapid Wrinkle Repair products is to obtain the advertised

---

[1] These products include: (1) Rapid Wrinkle Repair Night Moisturizer; (2) Rapid Wrinkle Repair Moisturizer SPF 30; (3) Rapid Wrinkle Repair Serum; and (4) Rapid Wrinkle Repair Eye Cream (collectively "Rapid Wrinkle Repair" or "the Products").

one week results, which Rapid Wrinkle Repair does not provide.

3.     As a result of Neutrogena's deceptive one week results claim, consumers – including Plaintiff and members of the proposed Class – have purchased Products that do not perform as advertised.  Moreover, they have paid a price premium for Rapid Wrinkle Repair over other retinol based moisturizers that do not claim to reduce wrinkles "in just one week."

4.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased Rapid Wrinkle Repair to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased Rapid Wrinkle Repair.  Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law, the Magnuson Moss Warranty Act and breach of express warranties created by Neutrogena's advertising, including false labeling.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendant.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to the alleged claims occurred in this District and because Defendant:

- is headquartered in this District;

- is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution, and sale of its Products in this District; and

- does substantial business in this District.

**PARTIES**

7.     Plaintiff Guillermina Contreras resides in Los Angeles, California.   In or around February 2012, Plaintiff was exposed to and saw Neutrogena's one week results claim by reading the Rapid Wrinkle Repair Night Moisturizer label.   Plaintiff Contreras purchased Rapid Wrinkle Repair Night Moisturizer at a Wal-Mart in Los Angeles in reliance on Neutrogena's one week results claim.   She paid approximately $20 for 1 box of Rapid Wrinkle Repair Night Moisturizer.   The Rapid Wrinkle Repair Night Moisturizer Plaintiff purchased did not reduce her wrinkles in just one week as represented.   As a result, Plaintiff suffered injury in fact and lost money.   Had Plaintiff Contreras known the truth about Defendant's misrepresentations and omissions, she would not have purchased Rapid Wrinkle Repair Night Moisturizer.

8.     Defendant Neutrogena Corporation is a Delaware corporation headquartered at 5760 West 96th Street, Los Angeles, California 90045.   From its headquarters in Los Angeles, Neutrogena manufactures, distributes, markets and sells the Rapid Wrinkle Repair products to consumers nationwide and created the deceptive one week results claim, which it caused to be disseminated to consumers nationwide.

**FACTUAL ALLEGATIONS**

***The Rapid Wrinkle Repair Products***

9.     In 2011, Neutrogena launched Rapid Wrinkle Repair, its newest line of anti-aging products formulated with its patented Retinol SA.   The products include: (1) Rapid Wrinkle Repair Night Moisturizer; (2) Rapid Wrinkle Repair Moisturizer SPF 30; (3) Rapid Wrinkle Repair Serum; and (4) Rapid Wrinkle Repair Eye Cream.

10.     Rapid Wrinkle Repair is sold online and in virtually every major food, drug, and mass retail outlet in the country.   Rapid Wrinkle Repair retails for approximately $15.00 to $21.00. The following are screen shots of the Products:

4



11.     Since the Products' launch, Neutrogena has consistently conveyed the message to consumers throughout the United States, including California, that its Rapid Wrinkle Repair products will provide "clinically proven" wrinkle reducing benefits on an "accelerated" basis "in just one week."  They do not.  Neutrogena's one week results claim is false, misleading and deceptive.

12.     All four Rapid Wrinkle Repair products contain Accelerated Retinol SA, which Neutrogena describes as a "unique combination" of Retinol SA, Glucose Complex, and Hyaluronic Acid.  Retinol SA is Neutrogena's patented version of retinol, a vitamin A compound.  The "SA" stands for "sustained action."  Efficacy studies demonstrate that retinol can be effective in reducing wrinkles after several weeks of application.  But no competent or reliable scientific evidence exists demonstrating that Retinol SA (or Retinol) either alone, or in combination with Glucose Complex and Hyaluronic Acid, reduces wrinkles "in just one week" as the Rapid Wrinkle Repair packaging and labeling proclaims.  Hence, competitor products with the same active ingredients as Rapid Wrinkle Repair represent that it will take up to four weeks to see visible wrinkle reducing results.

13.     Representative examples of studies yielding results after several weeks of application include Kim, H., et al., *Improvement In Skin Wrinkles From The Use Of Photostable Retinyl Retinoate: A Randomized Controlled Trial*, 162(3) Br. J. Dermatol.

495-502 (Mar. 2010) (clinical effects of retinol tetinoate seen after 4 and 8 weeks); Lee, M.S., et al., *A Newly Synthesized Photostable Retinol Derivative (Retinyl N-Formyl Aspartamate) For Photodamaged Skin: Profilometric Evaluation Of 24-Week Study*, 55(2) J. am. Acad. Dermotol. 220-24 (2006) (clinical effects of retiny N-formyl aspartamate seen after 16 weeks); Kang, S., et al., *Tazarotene Cream for the Treatment of Facial Photodamage*, 137(12) J. Arch. Dermatol. 1597-604 (2001) (clinical effects of tazrotene seen after 8 and 12 weeks). Tellingly, although Neutrogena represents the wrinkle-reducing results are "clinically proven," nowhere on the Products' packaging does Neutrogena reference the confirmatory studies. Moreover, the sole "study" identified on Neutrogena's website is no study at all; it is an unpublished paper based on a focus group survey.

14.     The National Advertising Division of the Better Business Bureau ("NAD") recently examined Neutrogena's Rapid Wrinkle Repair claims as part of its ongoing monitoring program. On January 17, 2012, NAD reported that none of the testing proffered by Neutrogena supported Neutrogena's claim that "Rapid Wrinkle Repair substantially reduces or eliminates wrinkles in one week." NAD recommended that Neutrogena modify its claim that the Products smooth wrinkles in just one week "to avoid conveying the unsupported message that wrinkles are substantially reduced or eliminated in one week." Neutrogena rejected NAD's recommendation and continues to make the one week results claim on, *inter alia*, its website and Rapid Wrinkle Repair packaging and labeling.

\\\
\\\
\\\
\\\
\\\
\\\

6

15.    Neutrogena's claim promising rapid wrinkle reduction in just one week (instead of several weeks) is particularly attractive to Neutrogena's target market.  Each and every consumer who purchases Rapid Wrinkle Repair is exposed to Neutrogena's deceptive one week results claim because it appears prominently, conspicuously, and almost exclusive of any other representations on the front of each box[2] as follows:

| **Night Moisturizer** | **SPF 30** | **Serum** |
|---|---|---|
|  |  |  |

\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[2] Rapid Wrinkle Repair Eye Cream is the only Product that does not have the one week results claim on the front of the box, although it does appear on the back of the box. *See infra* at ¶ 16.

7

16.   The back panel of each Rapid Wrinkle Repair box repeats the one week results claim:

**Night Moisturizer**



**SPF 30**



**Eye Cream**



**Serum**



8

*The Impact of Neutrogena's Wrongful Conduct*

17.     Despite the scientific evidence that retinol takes weeks to yield visible wrinkle reducing results and without possessing any competent and reliable scientific evidence that Rapid Wrinkle Repair reduces wrinkles in just one week, Neutrogena continues to unequivocally convey through its advertising and labeling one uniform message: Rapid Wrinkle Repair is "clinically proven" to "fade the look of stubborn deep wrinkles, including crow's feet, forehead, and cheek wrinkles" and "smooth fine lines & texture" and customers can expect these "clinically proven" results  on an "accelerated" and "rapid" basis, i.e., "in just one week."

18.     As the distributor of Rapid Wrinkle Repair, Neutrogena possesses specialized knowledge regarding the content and effects of the ingredients contained in Rapid Wrinkle Repair and is in a superior position to learn of the effects - and has learned of the effects - Rapid Wrinkle Repair has on consumers.

19.     Specifically, Neutrogena knew or should have known, but failed to disclose that Rapid Wrinkle Repair does not reduce wrinkles in "just one week" and it does not have competent and reliable scientific evidence to support its one week results claim.

20.     Plaintiff and Class members have been and will continue to be deceived or misled by Neutrogena's deceptive one week results claim.  Plaintiff purchased and used Rapid Wrinkle Repair during the Class period and in doing so, read and considered the Rapid Wrinkle Repair labeling and packaging and based her decision to buy the Products on the one week results claim.  Neutrogena's one week results claim was a material factor in influencing Plaintiff's decision to purchase and use Rapid Wrinkle Repair.  Plaintiff would not have purchased Rapid Wrinkle Repair had she known that Neutrogena's one week results claim was false and misleading and that Neutrogena did not possess competent and reliable scientific evidence to support its one week results claim.

21.     As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they

believed, based on Neutrogena's representations, would reduce wrinkles on an "accelerated" and "rapid" basis in "just one week", when, in fact, they do not.

22.     Based upon the purported one week results claim conveyed in its marketing and advertising campaign, Neutrogena is able to price Rapid Wrinkle Repair at a premium over similar retinol based moisturizers sold by competitors.  Neutrogena also prices Rapid Wrinkle Repair at a $2 price premium over Neutrogena's other wrinkle reducing moisturizer products containing Retinol SA that do not make similar one week result claims.

23.     Neutrogena has reaped enormous profits from its false marketing and sale of Rapid Wrinkle Repair.

## CLASS DEFINITION AND ALLEGATIONS

24.     Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class against Neutrogena for violations of California state laws and/or similar laws in other states:

> **Nationwide/Multi-State Class Action**
> All consumers who purchased Rapid Wrinkle Repair in the U.S. for personal use until the date notice is disseminated.
>
> Excluded from this Class are Neutrogena and its officers, directors and employees, and those who purchased Rapid Wrinkle Repair for the purpose of resale.

25.     In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class:

> **California Class Action**
> All consumers who purchased Rapid Wrinkle Repair Night Moisturizer or Rapid Wrinkle Repair in California for personal use until the date notice is disseminated.

10

Excluded from this Class are Neutrogena and its officers, directors and employees and those who purchased Rapid Wrinkle Repair for the purpose of resale.

26.    ***Numerosity***.  The members of the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Rapid Wrinkle Repair who have been damaged by Neutrogena's conduct as alleged herein.  The precise number of Class members is unknown to Plaintiff.

27.    ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)    whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b)    whether Neutrogena's alleged conduct violates public policy;

(c)    whether the alleged conduct constitutes violations of the laws asserted;

(d)    whether Neutrogena engaged in false or misleading advertising;

(e)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f)    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

28.    ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Neutrogena's deceptive one week results claim that accompanied each and every box of Rapid Wrinkle Repair.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

29.   ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

30.   ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Neutrogena.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

31.   Defendant has acted on grounds that apply generally to the Class, making injunctive relief appropriate respecting the Class as a whole.

32.   Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.  Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

33.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34.     Plaintiff brings this claim individually and on behalf of the Class.

35.     As alleged herein, Plaintiff have suffered injury in fact and lost money or property as a result of Neutrogena's conduct because she purchased Rapid Wrinkle Repair in reliance on Neutrogena's claim that Rapid Wrinkle Repair would reduce her wrinkles in "just one week", but did not receive a product that can make wrinkles disappear in just one week.

36.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.   In the course of conducting business, Neutrogena committed unlawful business practices by, *inter alia*, making the one week results claim (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

37.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

38.     Neutrogena's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Neutrogena engaged in false advertising, misrepresented and omitted material facts regarding Rapid Wrinkle Repair, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

39.     As stated in this Complaint, Plaintiff allege violations of consumer

protection, unfair competition and truth in advertising laws in California and in other states, resulting in harm to consumers. Neutrogena's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

40. There were reasonably available alternatives to further Neutrogena's legitimate business interests, other than the conduct described herein.

41. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

42. Neutrogena's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

43. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Neutrogena's material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Neutrogena's Rapid Wrinkle Repair products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

44. As a result of its deception, Neutrogena has been able to reap unjust revenue and profit.

45. Unless restrained and enjoined, Neutrogena will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

46. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seek restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Neutrogena from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**
**Violations of the Consumers Legal Remedies Act –**
**Civil Code §1750 *et seq.***

47.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48.    Plaintiff brings this claim individually and on behalf of the Class.

49.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"), and similar laws in other states. Plaintiff is a consumer as defined by California Civil Code §1761(d). Neutrogena's Rapid Wrinkle Repair products are "goods" within the meaning of the Act.

50.    Neutrogena violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Rapid Wrinkle Repair:

(5)    Representing    that    [Rapid    Wrinkle    Repair    has] . . .    approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .

\*        \*        \*

(7)    Representing that [Rapid Wrinkle Repair is] of a particular standard, quality or grade . . . if [it is] of another.

\*        \*        \*

(9)    Advertising goods . . . with intent not to sell them as advertised.

\*        \*        \*

(16)    Representing that [Rapid Wrinkle Repair has] been supplied in accordance with a previous representation when [it has] not.

51.    Neutrogena violated the Act by representing and failing to disclose material facts on the Rapid Wrinkle Repair labeling and packaging and associated advertising, as described above, when it knew, or should have known, that the representations were

unsubstantiated, false and misleading and that the omissions were of material facts it was obligated to disclose.

52.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Neutrogena and for restitution and disgorgement.

53.     Pursuant to §1782 of the Act, Plaintiff notified Neutrogena in writing by certified mail of the particular violations of §1770 of the Act and demanded that Neutrogena rectify the problems associated with the actions detailed above and give notice to all affected consumers of Neutrogena's intent to so act.  A copy of the letter is attached hereto as Exhibit A.

54.     If Neutrogena fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

55.     Neutrogena's conduct is fraudulent, wanton and malicious.

56.     Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

**COUNT III**
**Breach of Express Warranty**

57.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the Class.

59.     The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

60.     At all times, California and other states have codified and adopted the provisions in the Uniform Commercial Code governing the express warranty of merchantability.

61.     As discussed above, Neutrogena expressly warranted on each and every box of Rapid Wrinkle Repair that its Products are "clinically proven" to reduce wrinkles for all consumers on an "accelerated" and "rapid" basis "in just one week." The one week results claim made by Neutrogena is an affirmation of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.  Plaintiff placed importance on Neutrogena's one week results claim.

62.     All conditions precedent to Neutrogena's liability under this contract have been performed by Plaintiff and the Class.

63.     Neutrogena breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that reduce wrinkles in just one week as represented.

64.     As a result of Neutrogena's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

**COUNT IV**
**Violation of Magnuson-Moss Act, 15 U.S.C. §2301, et seq.**

65.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66.     Plaintiff brings this claim individually and on behalf of the Class.

67.     The Magnuson-Moss Consumer Products Warranties Act, 15 U.S.C. §§ 2301, *et seq*., provides a private right of action by purchasers of consumer products against manufacturers or retailers who, *inter alia*, fail to comply with the terms of a written warranty. 15 U.S.C. § 2310(d)(1).   The Rapid Wrinkle Repair products are consumer products as defined in 15 U.S.C. §2301(1).

17

68.    Plaintiff and Class members are consumers as defined in 15 U.S.C. §2301(3).

69.    Neutrogena is a supplier and warrantor as defined in 15 U.S.C. §2301(4) and (5).

70.    In connection with the sale of Rapid Wrinkle Repair, Neutrogena issued written warranties as defined in 15 U.S.C. §2301(6), which warranted that the Products are "clinically proven" to reduce wrinkles for all consumers on an "accelerated" and "rapid" basis "in just one week," when in fact, the Products do not reduce wrinkles in just one week as represented.

71.    By reason of Neutrogena's breach of the express warranties stating that the Products are "clinically proven" to reduce wrinkles for all consumers on an "accelerated" and "rapid" basis "in just one week," Neutrogena has violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq., thereby damaging Plaintiff and Class members.

72.    Neutrogena had reasonable and adequate notice of Plaintiff's and the Class' claims of breach of its express warranty from the sale of the Rapid Wrinkle Repair products, and has given a reasonable opportunity to cure its failures to comply with its written warranty.  However, Neutrogena has never cured.

73.    As a result of Neutrogena's breach of its written warranty through the Magnuson-Moss Warranty Act, Plaintiffs and members of the Class have been injured and are entitled to equitable/injunctive relief and/or damages in a measure and amount which are to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.    Certifying the Class as requested herein;

B.    Awarding Plaintiff and the proposed Class members damages;

C.    Awarding restitution and disgorgement of Neutrogena's revenues to

18

Plaintiff and the proposed Class members;

D. Awarding injunctive relief as permitted by law or equity, including: enjoining Neutrogena from continuing the unlawful practices as set forth herein, and directing Neutrogena to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E. Ordering Neutrogena to engage in a corrective advertising campaign;

F. Awarding attorneys' fees and costs; and

G. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: August 23, 2012

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

Elaine A. Ryan (*To be admitted Pro Hac Vice*)
Patricia N. Syverson (203111)
Eric D. Zard (*To be admitted Pro Hac Vice*)
2325 E. Camelback Road, Ste. 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
ezard@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Todd D. Carpenter (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone: (619) 756-6978

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEWPORT TRIAL GROUP
Scott J. Ferrell
895 Dove Street, Suite 425
Newport Beach, CA 92660
sferrell@trialnewport.com
Telephone:  (949) 706-6464

Attorneys for Plaintiff

# EXHIBIT A



**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, PC**

| | | |
|---|---|---|
| JERRY C. BONNETT[1] | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH[9] | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN[8] | WENDY J. HARRISON[2] |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER[3] | PATRICIA N. SYVERSON[2] |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE[4] |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[5] | TODD D. CARPENTER[3] |
| WILLIAM F. KING | TONNA K. FARRAR[6] | T. BRENT JORDAN[7] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ-GRAY |
| KEVIN R. HANGER | ERIC D. ZARD | CHRISTINA M. VANDER WERF[2] |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Also in Colorado
[2] Admitted Also in California
[3] Admitted Also in Illinois
[4] Admitted Also in Alabama and Georgia
[5] Admitted Only in California
[6] Admitted Only in California, Kansas, Missouri and Oregon (located in Oregon)
[7] Admitted Only in Pennsylvania
[8] Admitted Also in Colorado, Idaho, Kansas, Missouri, Texas, Utah and Washington
[9] Admitted Also in Tennessee and West Virginia

August 23, 2012

**VIA CERTIFIED MAIL (RETURN RECEIPT NO. 7009 0080 0000 4200 3980)**

Neutrogena Corporation
General Counsel
5760 W 96th Street
Los Angeles, CA 90045-5544

      Re:    Contreras v. Neutrogena Corporation

Dear Sir or Madam:

      Our law firm together with the Newport Trial Group represents Guillermina Contreras and all other consumers similarly situated in an action against Neutrogena Corporation, arising out of, *inter alia*, misrepresentations, either express or implied, by Neutrogena to consumers that its Rapid Wrinkle Repair moisturizers[1] are clinically proven to reduce the appearance of wrinkles in just one week.

      Ms. Contreras and others similarly situated purchased Rapid Wrinkle Repair unaware that Neutrogena's claim on its Products packaging and labeling that Rapid Wrinkle will provide "clinically proven" wrinkle reducing benefits on an "accelerated" basis "in just one week" ("the one week results claim") is false. Several well conducted scientific studies of retinol, including Tretinoin, prescription strength retinol, take several weeks to see visible wrinkle reducing results. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

      Neutrogena's one week results claim is false and misleading and constitutes unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by

---

[1] These products include: (1) Rapid Wrinkle Repair Night Moisturizer; and (2) Rapid Wrinkle Repair Moisturizer SPF 30 (collectively "Rapid Wrinkle Repair" or "the Products").

Neutrogena Corporation
General Counsel
August 23, 2012
Page 2


Neutrogena with the intent to induce the consuming public to purchase Rapid Wrinkle Repair. The one week results claim does not assist consumers; it simply mislead them.

Neutrogena's one week results claim violates California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)     Representing that [Rapid Wrinkle Repair has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

> * * *

> (7)     Representing that [Rapid Wrinkle Repair is] of a particular standard, quality or grade, . . . if [it is] of another.

> * * *

> (9)     Advertising goods . . . with the intent not to sell them as advertised.

> * * *

> (16)     Representing that [Rapid Wrinkle Repair has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Neutrogena's one week results claim also constitutes violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our clients and all others similarly situated that Neutrogena immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Neutrogena should offer to refund the purchase price to all consumer purchasers of Rapid Wrinkle Repair, plus reimbursement for interest, costs, and fees.

Plaintiffs will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not

Neutrogena Corporation
General Counsel
August 23, 2012
Page 3

received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Neutrogena address these violations immediately.

Neutrogena must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products;

2. Notify all such purchasers so identified that upon their request, Neutrogena will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Rapid Wrinkle Repair purchasers who so request; and

4. Cease from expressly or impliedly representing to consumers that these Products reduce the appearance of wrinkles in just one week when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

Also, please note that all correspondence should be sent to our new address at 2325 E. Camelback Road, #300, Phoenix, Arizona 85016. We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:td
Enclosures

# EXHIBIT B

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
ERIC D. ZARD (*To be admitted Pro Hac Vice*)
2325 E. Camelback Road, Ste. 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
ezard@bffb.com
Telephone:   (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  (619) 756-6978

NEWPORT TRIAL GROUP
SCOTT J. FERRELL (202091)
895 Dove Street, Suite 425
Newport Beach, CA 92660
Sferrell@trialnewport.com
Telephone:  (949) 706-6464

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMINA CONTRERAS, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>NEUTROGENA CORPORATION, a Delaware corporation,<br><br>       Defendant | Case No.:<br><br><br>DECLARATION OF PATRICIA N. SYVERSON PURSUANT TO CALIFORNIA CIVIL CODE §1780(d) |

1       I, Patricia N. Syverson, declare as follows:

2       1.    I am an attorney duly licensed to practice before all of the courts of the

3   State of California.  I am a shareholder of the law firm of Bonnett, Fairbourn, Friedman

4   & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

5

6       2.    Defendant Neutrogena Corporation has done and is doing business in the

7   Central District of California.  Such business includes the marketing, distributing and

8   sale of its Rapid Wrinkle Repair moisturizers.[1]   Furthermore, Plaintiff Contreras

9   purchased Rapid Wrinkle Repair in Los Angeles, California.

10

11      I declare under penalty of perjury under the laws of the State of California that

12  the foregoing is true and correct.

13      Executed this 23rd day of August 2012, at Phoenix, Arizona.

14

15      BONNETT, FAIRBOURN, FRIEDMAN
        & BALINT, P.C.

16      ELAINE A. RYAN
        PATRICIA N. SYVERSON (203111)

17      ERIC D. ZARD

18

19      Patricia N. Syverson
        2325 E. Camelback Road, Ste. 300

20      Phoenix, Arizona  85016
        Telephone:    (602) 274-1100

21      Facsimile:    (602) 798-5860

22      eryan@bffb.com
        psyverson@bffb.com

23      ezard@bffb.com

24

25

26  _____

[1] These products include: (1) Rapid Wrinkle Repair Night Moisturizer; (2) Rapid

27  Wrinkle Repair Moisturizer SPF 30; (3) Rapid Wrinkle Repair Serum; and (4) Rapid

28  Wrinkle Repair Eye Cream (collectively "Rapid Wrinkle Repair" or "the Products").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 West Broadway Suite 900
San Diego, California 92101
Telephone:   (619) 756-6978
Facsimile:   (602) 798-5860
tcarpenter@bffb.com

NEWPORT TRIAL GROUP
SCOTT J. FERRELL (202091)
895 Dove Street, Suite 425
Newport Beach, CA 92660
Sferrell@trialnewport.com
Telephone:  (949) 706-6464

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 7272 DSF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Patricia N. Syverson (203111)
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Rd., Ste. 300
Phoenix, AZ  85016
(602) 274-1100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GUILLERMINA CONTRERAS, an Individual, On
Behalf of Herself and All Others Similarly Situated,

PLAINTIFF(S)

v.

NEUTROGENA CORPORATION, a Delaware
corporation,

DEFENDANT(S).

CASE NUMBER

CV12-07272 DSF(AGRx)

SUMMONS

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Patricia N. Syverson _____, whose address is 2325 E. Camelback Road, Suite 300, Phoenix, AZ  85016 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 2 3 2012

Dated: _____

Clerk, U.S. District Court

JULIE P____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GUILLERMINA CONTRERAS, On Behalf of Herself and All Others Similarly Situated

**DEFENDANTS**
Neutrogena Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Patricia N. Syverson - Bonnett, Fairbourn, Friedman & Balint
2325 E. Camelback Road, Ste. 300
Phoenix, AZ 85016 (602) 274-1100

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Calif. Bus. & Prof. Code §17200 Violation of Unfair Competition Law, Civil Code §1750 Violation of Consumer Legal Remedies Act; Breach of Express Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS - PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-07272

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Warren L. Aguero_   Date   8/23/12

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |